**Sandra Milena Santander RUIZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 04–75655.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

### MEMORANDUM **

Sandra Milena Santander Ruiz, and her minor son Ferney Santiago Pinto Santander (collectively "petitioners"), are natives and citizens of Colombia. They petition pro se for review of the Board of Immigration Appeals' ("BIA") order that affirmed an Immigration Judge's order denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the BIA's opinion because it conducted a de novo review of the record and made an independent determination about whether relief was appropriate. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Tarubac v. INS,* 182 F.3d 1114, 1118 (9th Cir.1999), and we deny this petition for review.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5).

. Substantial evidence supports the BIA's conclusion that petitioners failed to establish eligibility for withholding of removal because they were not persecuted on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir. 1997).

Substantial evidence also supports the BIA's determination that petitioners were ineligible for CAT relief because they failed to establish that it is more likely than not that they will face torture by or with the acquiescence of the Colombian government. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

